Motion No. 4832075



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**December 11, 2019 08:49**

By: RYAN S. BUNDY 0090027

Confirmation Nbr. 1890747

| | |
|---|---|
| CREDIT ACCEPTANCE CORPORATION | CV 19 911731 |
| vs. | |
| REGINALD E BARNES | **Judge:** NANCY R. MCDONNELL |

**Pages Filed:** 14

Electronically Filed 12/11/2019 08:49 / MOTION / CV 19 911731 / Confirmation Nbr. 1890747 / CLDLJ

IN THE CUYAHOGA COUNTY COMMON PLEAS COURT, OHIO

Credit Acceptance Corporation,

    Plaintiff,

v.                                Case No. CV-19-911731

Reginald Barnes,

    Defendant.

## **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Now comes Plaintiff, Credit Acceptance Corporation, and respectfully moves the Court for Summary Judgment in favor of Plaintiff and against Defendant, Reginald Barnes, for the sum of $5,947.38 with interest thereon at the rate of 5% per annum from March 1, 2017, and the costs of this action, on the grounds there is no genuine issue as to any material fact and Plaintiff is entitled to judgment as a matter of law.

                                              Respectfully submitted,

                                              CARLILE PATCHEN & MURPHY LLP

                                              By: /S/ Ryan S. Bundy
                                              Ryan S. Bundy (0090027)
                                              366 East Broad Street
                                              Columbus, Ohio 43215
                                              Tele: (614) 228-6135
                                              Fax: (614) 221-0216
                                              E-Mail rbundy@cpmlaw.com
                                              Attorney for Plaintiff (17-00899)

## MEMORANDUM

Plaintiff respectfully submits this Motion for Summary Judgment for the Court's consideration. The following facts are significant to this Motion.

## I. FACTS

As alleged in the Complaint, and the attached Affidavit of Plaintiff's representative, which is incorporated herein, Defendant executed a Retail Installment Contract whereby Defendant agreed to purchase a 2005 Ford Escape from Scooters Garage LLC. Pursuant to the terms of the contract, Defendant agreed to pay the purchase price plus interest in monthly installments. A true copy of the Retail Installment Contract is attached to the Complaint as Exhibit "A". As part of this transaction, Defendant also purchased GAP protection through Western Diversified Services, Inc. A true and accurate copy of the GAP Addendum is attached hereto as Exhibit "1". See also Complaint, Exhibit A, p. 2.

Plaintiff, Credit Acceptance Corporation, financed the purchase of the vehicle and the contract was assigned to it on the same date. The assignment and notice of assignment are contained in the Retail Installment Contract.

Defendant made several payments on the contract but defaulted on the remaining installment payments. As a result, Plaintiff commenced this action to recover the contract balance of $5,947.38. A true copy of Defendant's loan account history showing all debits, credits, and the balance due is attached hereto as Exhibit "2".

Defendant filed a response to the Complaint in which he denies all of the allegations asserted in the Complaint. Defendant's Answer and Crossclaim ("Answer"), p. 1. In addition, the Defendant states that Plaintiff failed to include an indispensable party, namely Western Diversified Services, Inc., the gap insurance carrier. *Id.* Moreover, the Defendant avers that the Plaintiff was unjustly enriched because it sold the Defendant gap insurance protection to cover

the balance of the loan and retained that benefit "under circumstances in which it would be unjust to do so without payment of the coverage during the life of the loan." *Id.* Defendant further asserts that Plaintiff failed to recover the Ford Escape from the City of Cleveland thereby limiting damages by way of recoupment. Answer at 2. Finally, the Defendant alleges that Plaintiff breached the terms of the contract by failing to give a written Dispute Notice and a reasonable opportunity to resolve the dispute. *Id.*

The Defendant also filed a cross claim against the City of Cleveland alleging, amongst other things, that the City of Cleveland interfered with the Defendant's property rights in the vehicle without due process when they impounded the vehicle after a traffic stop and failed to return the vehicle to him once the traffic citation against him was dismissed. *Id.*

## II. LAW AND ANALYSIS

### A. The Summary Judgment Standard.

Ohio Rules of Civil Procedure Rule 56, addresses summary judgment, Rule 56(C) provides in part:

> Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Summary judgment shall not be rendered unless it appears from such evidence or stipulations and only therefrom that reasonable minds can come but tone conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.

The purpose of a Summary Judgment Motion is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978).

In 1986, the United States Supreme Court issued three decisions that gave new life to Rule 56 as a mechanism for weeding out certain claims at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, (1986); and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, (1986). These cases brought about a "new era" in summary judgment practice. When a party cannot establish the existence of an element essential to that party's case on which the party will have the burden of proof at trial, the Court must enter summary judgment against that party, pursuant to Rule 56. *Celotex*, 577 U.S. at 322.

Thus, in order to survive a Motion for Summary Judgment:

> [w]hen the moving party has carried its burden under Rule 56(C), its opponent must do more than simply show there is some metaphysical doubt as to the material facts . . .
>
> In the language of the Rule, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-775.

Ohio Courts are following the reasoning and analysis of these decisions. See *Hodgkinson v. Dunlap Tire & Rubber Corp.*, 38 Ohio App.3d 101 (1987).

B.   Plaintiff is Entitled to Summary Judgment on its Claim.

This cause is an imminently appropriate one for application of the summary judgment procedure. In order to be granted Summary Judgment in this case, Plaintiff need only show Defendant entered into the contract which is the subject of this action; that the contract was assigned to Plaintiff; that Defendant failed to make the payments as agreed; and the balance due.

Plaintiff's Affidavit avers the fact Defendant entered into the contract which is the subject of this action; the contract was assigned to Plaintiff; Defendant failed to make the payments as agreed; and there remains a balance due of $5,947.38. A true and accurate copy of Plaintiff's Affidavit is attached hereto as Exhibit "3".

C.  Defendant's Affirmative Defenses are without merit.

In his Answer, the Defendant denies the allegations against him and asserts several affirmative defenses which are without merit or fail to relieve him of his liability under his contract. Answer, p. 1. Under Ohio law, it is well established that the party opposing the Motion may not rest upon mere denials or allegations in the pleadings, but must, instead, produce evidence showing that there is a genuine issue of material fact for trial. Civ. Rule 56(E). Mere conclusory or unsupported allegations will not satisfy this burden. *Gall v. Olympia Fitness Center, Inc.*, 88 Ohio App. 3d 310, 315 (1993).

1.) Western Diversified Services, Inc. was not an indispensable party

In his Answer, the Defendant alleges that Plaintiff failed to include an indispensable party, namely Western Diversified Services, Inc., the gap insurance carrier. *Id.* As the Plaintiff did not purchase the GAP insurance policy, any dispute over whether the GAP insurance policy should have covered the Defendant's balance is between the Defendant and Western Diversified Services, Inc. Moreover, guaranteed asset protection, or GAP, insurance only applies when there has been an accident or other cause resulting in a total loss of such vehicle. *O'Neil Fin. Servs. Agency v. Fist Knox Nat'l Bank*, 5th Dist. Richland No. 03-CA-47, 2004-Ohio-319, *4. In fact, the policy clearly states, "[t]his GAP Addendum is not a contract of insurance, does not provide general liability coverage, and does not fulfill the requirements of any financial responsibility law." Exhibit 1. Here, there is no evidence to establish that the vehicle was involved in an accident or otherwise was declared a "total loss" by the Defendant's automobile insurance company. In fact, in his cross claim, the Defendant states that the vehicle was towed and impounded by the City of Cleveland after the Defendant was issued a traffic citation and never returned to him. Answer, p. 2. As the GAP insurance policy purchased from Western

Diversified Services, Inc., was not purchased by the Plaintiff and would not apply under these circumstances, there was no reason to include Western Diversified Services, Inc. as a party to this litigation.

### 2.) Plaintiff was not unjustly enriched

Additionally, the Defendant avers that the Plaintiff was unjustly enriched because it sold the Defendant gap insurance protection to cover the balance of the loan and retained that benefit "under circumstances in which it would be unjust to do so without payment of the coverage during the life of the loan." *Id.* As an initial matter, the Plaintiff did not sell the Defendant anything. The Plaintiff simply financed the amount of the transaction between the Defendant and Scooters Garage, LLC which included the GAP insurance policy. Therefore, the Plaintiff was not unjustly enriched when the Defendant purchased a GAP insurance policy from Western Diversified Services, Inc., in a transaction with Scooters Garage, LLC.

However, even if the Plaintiff had sold the Defendant the GAP insurance policy, the Plaintiff would not have been unjustly enriched under these circumstances. The Defendant purchased a GAP insurance policy to cover the difference between the balance of the loan and the fair market value of the loan in the event the vehicle was involved in an accident and declared a total loss. Had the vehicle been declared a total loss, Western Diversified Services, Inc. would have paid the balancing remaining on the loan, if any, after the Defendant's insurance company paid fair market value of the vehicle to the Plaintiff. However, the Defendant's GAP insurance policy coverage was contingent on the vehicle being involved in an accident and being declared a total loss. The fact that the Defendant's GAP insurance policy did not apply because the vehicle in question was never involved in an accident and declared a "total loss" does not unjustly enrich the Plaintiff or any other party.

### 3) Plaintiff had no obligation to recover the Vehicle from the City of Cleveland

In his Answer, the Defendant further alleges that Plaintiff's damages are limited by way of recoupment on the grounds that the Plaintiff failed to recover the vehicle from the City of Cleveland. This claim is also without merit. The Retail Installment Contract clearly states that "[i]f a government agency impounds the vehicle, you will notify us immediately and regain possession of the vehicle. We _may_ regain possession of the vehicle and treat it as a default." Complaint, Exhibit A, p. 3. (Emphasis Added). Therefore, the Retail Installment Contract clearly states that it is the responsibility of the Defendant to regain possession of the vehicle from the government agency in the event the vehicle is impounded. While the Plaintiff has a right to regain possession of the vehicle from the government impound under the Retail Installment Contract, it does not have an obligation to do so. Additionally, Ohio law does not require a lender to recover a vehicle from a city impound to offset its damages. Furthermore, the Defendant has failed to produce any evidence which would indicate that the Plaintiff was aware that the vehicle had been impounded by the City of Cleveland.

### 4.) The Plaintiff had no obligation to give the Defendant Notice of the Default and a reasonable opportunity to resolve the matter.

In his final affirmative defense, the Defendant alleges that the Plaintiff breached the terms of the contract by failing to give the Defendant a written Dispute Notice and a reasonable opportunity to resolve the dispute. Under Ohio law, the Plaintiff is not required to give Notice of Default or a reasonable opportunity to resolve the dispute unless they repossess the vehicle. Here, it is clearly established that the Plaintiff did not repossess the vehicle. Therefore, the Plaintiff was not obligated to give the Defendant notice of the default or a reasonable opportunity to resolve the dispute under Ohio law. Moreover, the Retail Installment Contract clearly states that the Plaintiff may declare the entire unpaid balance of the Contract due and payable

immediately without notice if the Defendant defaults on the terms of the agreement. See Complaint, Ex. A, p. 3.

## III. CONCLUSION

In view of the foregoing, Plaintiff respectfully submits there is no genuine issue of material fact for trial and Plaintiff is entitled to judgment as a matter of law. A proposed Judgment Entry is tendered herewith.

Respectfully submitted,

CARLILE PATCHEN & MURPHY LLP

By: /S/ Ryan S. Bundy
Ryan S. Bundy (0090027)
366 East Broad Street
Columbus, Ohio 43215
Tele: (614) 228-6135
Fax: (614) 221-0216
E-Mail rbundy@cpmlaw.com
Attorney for Plaintiff (17-00899-0)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion for Summary Judgment was served upon Reginald E. Barnes, 3600 W. 130th Street, Apt. 1, Cleveland, Ohio 44111, by First Class U.S. Mail, postage prepaid, this 11th day of December, 2019.

/S/ Ryan S. Bundy
Ryan S. Bundy (0090027)

**This communication is from a debt collector and any information obtained will be used for the purposes of collecting the debt due our client.**

# IN THE CUYAHOGA COUNTY COMMON PLEAS COURT, OHIO

Credit Acceptance Corporation,

    Plaintiff,

v.                                     Case No. CV-19-911731

Reginald Barnes,

    Defendant.

## JUDGMENT ENTRY

This cause came on to be heard on Plaintiff's Motion for Summary Judgment and the Affidavit of Plaintiff's representative in support thereof, and the Court being fully advised in the premises finds there is no genuine issue of material fact; that Plaintiff is entitled to judgment as a matter of law, and hereby sustains Plaintiff's Motion.

It is therefore ORDERED, that Plaintiff, Credit Acceptance Corporation, recover of Defendant, Reginald Barnes, judgment for the sum of $5,947.38, with interest thereon at the rate of 5% per annum from March 1, 2017, and the costs of this action. There is no just cause for delay.

Date: _____          _____

                                                           Judge

APPROVED:

CARLILE PATCHEN & MURPHY LLP

By: /S/ Ryan S. Bundy
Ryan S. Bundy (0090027)
366 East Broad Street
Columbus, Ohio 43215
Tele: (614) 228-6135
Fax: (614) 221-02117,832.746
E-Mail rbundy@cpmlaw.com
Attorney for Plaintiff (17-00899)

# GUARANTEED ASSET PROTECTION (GAP) ADDENDUM

CREDIT ACCEPTANCE ONLY (Rev. 3/11)

**ADDENDUM NO.** 05-44-1 #10000372411

## INFORMATION PAGE

| DEALER/CREDITOR NAME | ADDRESS | CITY, STATE | ZIP |
|---|---|---|---|
| SCOOTERS GARAGE LLC | 12523 LORAIN AVE | CLEVELAND, OH | 44111 |

| DEALER/CREDITOR NO. | FINANCING AGREEMENT DATE (GAP EFFECTIVE DATE) | DATE VEHICLE PURCHASED/LEASED | CUSTOMER/BORROWER PHONE NUMBER |
|---|---|---|---|
| GJD | 12/26/2014 | 12/26/2014 | (216) 400-4802 |

| LAST NAME OF CUSTOMER/BORROWER | FIRST NAME | MIDDLE INITIAL |
|---|---|---|
| BARNES | REGINALD | E |

| STREET ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 3600 W 130TH ST, DN | CLEVELAND | OH | 44111 |

| VEHICLE IDENTIFICATION NUMBER (17 CHARACTERS) | YEAR | MAKE | MODEL |
|---|---|---|---|
| 1FMYU03135DA25367 | 2005 | Ford | Escape |

| FINANCIAL INSTITUTION/LENDER | ADDRESS | CITY, STATE | ZIP |
|---|---|---|---|
| CREDIT ACCEPTANCE CORP. | 25505 W 12 Mile Rd | Southfield, MI | 48034 |

| PHONE NUMBER | TERM (MONTHS)* (CANNOT EXCEED 84 MONTHS) | AMOUNT FINANCED OR LEASED* (CANNOT EXCEED $100,000) | ☒ LOAN / RETAIL INSTALLMENT | APR |
|---|---|---|---|---|
| (248) 353-2700 | 48 | $7,038.50 | | 23.99 |

| PRIMARY INSURANCE DEDUCTIBLE (MAXIMUM BENEFIT $1,000) | DOWN PAYMENT | MSRP/NADA * (MAXIMUM LOAN TO VALUE 150%) | GAP ADDENDUM PURCHASE PRICE | RETAIL PRICE |
|---|---|---|---|---|
| N/A | $1,500.00 | N/A | $630.00 | $6,995.00 |

| TYPE OF VEHICLE ASSET: ☐ AUTO - PP | ☐ NEW ☐ PREOWNED | ODOMETER READING 128,522 |
|---|---|---|

*This GAP Addendum amends the FINANCING AGREEMENT and is available only at the time the FINANCING AGREEMENT is executed and ONLY if monthly payments are required, the Amount Financed or Leased does not exceed $100,000, the Term does not exceed 84 months, and the maximum LOAN TO VALUE does not exceed 150% of MSRP if new and NADA if pre-owned. Amount for lease is the total monthly payments plus residual value. Any VEHICLE with a BRANDED TITLE is not eligible. This GAP Addendum is not a contract of insurance, does not provide general liability coverage and does not fulfill the requirements of any financial responsibility law. GAP is not a substitute for collision or property damage insurance. You might not need GAP depending on how much of a down payment (including trade-in value) You made on Your VEHICLE, the terms of Your FINANCING AGREEMENT, the make of VEHICLE and other considerations. The GAP BENEFIT may decrease over the term of Your FINANCING AGREEMENT. The cost of this GAP Addendum is not regulated. It is your responsibility to determine whether the cost of the GAP Addendum is reasonable in relation to the protection afforded. No GAP BENEFIT is provided for that portion of the net payoff that results from the amount financed/leased cost exceeding the maximum LOAN TO VALUE stated above at the inception date of this GAP Addendum and will be deducted from the payable GAP BENEFIT due. If there is any other coverage for the VEHICLE, this GAP Addendum shall be considered excess and will not apply or contribute to the payment of any loss until the benefits under these other plans have been exhausted. IF A REQUEST FOR GAP BENEFIT UNDER THIS GAP ADDENDUM HAS NOT BEEN MADE, YOU MAY CANCEL THIS ADDENDUM AND RECEIVE A FULL REFUND WITHIN THE FIRST 30 DAYS AND A PARTIAL REFUND AS DETERMINED BY THE RULE OF 78TH'S METHOD LESS A $0 CANCELLATION FEE THEREAFTER. THIS REFUND WILL BE APPLIED TO THE FINANCING AGREEMENT. Any refund of the GAP Addendum purchase price that was included in the financing of the motor vehicle may be applied by the Dealer/Creditor as a reduction of the overall amount owed under the FINANCING AGREEMENT, rather than applying the refund strictly to the purchase price of the GAP Addendum. There is no responsibility to process a refund until written notice is sent by You as provided in Section #5. If You do not receive Your refund, please call 1-800-323-5771 ext. 6181. Enrollment in this program is VOLUNTARY and is NOT REQUIRED as neither the extension of credit, the terms of the credit, nor the terms of the related motor vehicle sale or lease, maybe conditioned upon the purchase of GAP. This GAP Addendum will cost You the amount shown as the GAP Addendum Purchase Price above for the Term shown above. You may obtain GAP from alternate sources. THE DEALER/CREDITOR WILL CANCEL CERTAIN AMOUNTS CUSTOMER/BORROWER OWES UNDER THE FINANCING AGREEMENT IN THE CASE OF A CONSTRUCTIVE TOTAL LOSS OR THEFT OF THE VEHICLE AS STATED IN THE GAP ADDENDUM. Your signature acknowledges that You request the (GAP) ADDENDUM and have read and understand the foregoing and the terms of this Addendum and any attachments.

DEALER/CREDITOR: **SCOOTERS GARAGE LLC**
Dealership Name

_Signature_ 12/26/2014
Date

Program Administrator:
GAP ADMINISTRATION
1-800-323-5771 ext. 6181
P.O. Box 770, Deerfield, IL 60015

CUSTOMER/BORROWER: **REGINALD E BARNES**
Print Name

_Reginald Barnes_ 12/26/2014
Signature  Date

CO-CUSTOMER/BORROWER: _____
Print Name

_____
Signature  Date

0032296830-1



GAPADDC241 Filed ($208)1/2019 08:49 / MOTION / CV 19 911731 / Confirmation Nbr. 1890747 / CLDLJ  Original  PLAINTIFF'S EXHIBIT 1



# Credit Acceptance Corporation
25505 West 12 Mile Road Suite 3000
Southfield, MI 48034
(800) 253-4255

CAC Account#: 79237517

Report run on: March 2, 2017 11:51 AM

## Customer Payment History Report

| Trans Date | Trans Code | Description | Sub Type | Ref No | Trans Amount | Balance |
|---|---|---|---|---|---|---|
| 12/30/14 | CNT | NEW CONTRACT | | | $11,012.16 | $11,012.16 |
| 01/26/15 | DP | DIRECT PAYMENT | WU DLR ACH RECURRING | 21164074 | -$229.42 | $10,782.74 |
| 02/26/15 | DP | DIRECT PAYMENT | WU DLR ACH RECURRING | 21649932 | -$229.42 | $10,553.32 |
| 04/01/15 | DP | DIRECT PAYMENT | WU WEB DEBIT CARD | 22208576 | -$229.42 | $10,323.90 |
| 04/03/15 | DP | DIRECT PAYMENT | WU DLR ACH RECURRING | 22239877 | -$229.42 | $10,094.48 |
| 06/01/15 | DP | DIRECT PAYMENT | WU WEB DEBIT CARD | 23170357 | -$230.00 | $9,864.48 |
| 07/01/15 | DP | DIRECT PAYMENT | WU WEB DEBIT CARD | 23652217 | -$230.00 | $9,634.48 |
| 08/01/15 | DP | DIRECT PAYMENT | WU WEB ACH RECURRING | 24163229 | -$230.00 | $9,404.48 |
| 09/01/15 | DP | DIRECT PAYMENT | WU WEB ACH RECURRING | 24657228 | -$230.00 | $9,174.48 |
| 10/01/15 | DP | DIRECT PAYMENT | WU WEB ACH RECURRING | 25153538 | -$230.00 | $8,944.48 |
| 11/06/15 | LTF | LATE FEE | | | $11.47 | $8,955.95 |
| 12/01/15 | DP | DIRECT PAYMENT | WU WEB ACH RECURRING | 26191104 | -$230.00 | $8,725.95 |
| 12/07/15 | LTF | LATE FEE | | | $11.47 | $8,737.42 |
| 01/01/16 | DP | DIRECT PAYMENT | WU WEB ACH RECURRING | 26720500 | -$230.00 | $8,507.42 |
| 01/06/16 | LTF | LATE FEE | | | $11.47 | $8,518.89 |
| 02/01/16 | DP | DIRECT PAYMENT | WU WEB ACH RECURRING | 27248437 | -$230.00 | $8,288.89 |
| 02/06/16 | LTF | LATE FEE | | | $11.47 | $8,300.36 |
| 03/01/16 | DP | DIRECT PAYMENT | WU WEB ACH RECURRING | 27795697 | -$230.00 | $8,070.36 |
| 03/08/16 | LTF | LATE FEE | | | $11.47 | $8,081.83 |
| 04/01/16 | DP | DIRECT PAYMENT | WU WEB ACH RECURRING | 28354882 | -$230.00 | $7,851.83 |
| 04/06/16 | LTF | LATE FEE | | | $11.47 | $7,863.30 |
| 05/03/16 | DP | DIRECT PAYMENT | WU WEB ACH RECURRING | 28966214 | -$230.00 | $7,633.30 |
| 05/07/16 | LTF | LATE FEE | | | $11.47 | $7,644.77 |
| 06/03/16 | DP | DIRECT PAYMENT | WU WEB ACH RECURRING | 29534855 | -$230.00 | $7,414.77 |
| 06/06/16 | LTF | LATE FEE | | | $11.47 | $7,426.24 |
| 07/03/16 | DP | DIRECT PAYMENT | WU WEB ACH RECURRING | 30115279 | -$230.00 | $7,196.24 |
| 07/07/16 | LTF | LATE FEE | | | $11.47 | $7,207.71 |
| 08/03/16 | DP | DIRECT PAYMENT | WU WEB ACH | 30687181 | -$230.00 | $6,977.71 |

PLAINTIFF'S EXHIBIT 2



# Credit Acceptance Corporation
25505 West 12 Mile Road Suite 3000
Southfield, MI 48034
(800) 253-4255

CAC Account#: 79237517

Report run on: March 2, 2017 11:51 AM

## Customer Payment History Report

| Trans Date | Trans Code | Description | Sub Type | Ref No | Trans Amount | Balance |
|---|---|---|---|---|---|---|
| | | | RECURRING | | | |
| 08/06/16 | LTF | LATE FEE | | | $11.47 | $6,989.18 |
| 09/03/16 | DP | DIRECT PAYMENT | WU WEB ACH RECURRING | 31297596 | -$230.00 | $6,759.18 |
| 09/06/16 | LTF | LATE FEE | | | $11.47 | $6,770.65 |
| 09/14/16 | COR | TRANSACTION CORRECTION | | | $230.00 | $7,000.65 |
| 10/03/16 | DP | DIRECT PAYMENT | WU WEB ACH RECURRING | 31872437 | -$230.00 | $6,770.65 |
| 10/07/16 | LTF | LATE FEE | | | $11.47 | $6,782.12 |
| 10/13/16 | COR | TRANSACTION CORRECTION | | | $230.00 | $7,012.12 |
| 11/03/16 | DP | DIRECT PAYMENT | WU WEB ACH RECURRING | 32472759 | -$230.00 | $6,782.12 |
| 11/15/16 | COR | TRANSACTION CORRECTION | | | $230.00 | $7,012.12 |
| 12/03/16 | DP | DIRECT PAYMENT | WU WEB ACH RECURRING | 33092386 | -$230.00 | $6,782.12 |
| 12/14/16 | COR | TRANSACTION CORRECTION | | | $230.00 | $7,012.12 |
| 03/01/17 | CAN | FINANCE CHARGE REBATE | | Rebate | -$1,064.74 | $5,947.38 |



**Credit Acceptance Corporation**

25505 West 12 Mile Road
P.O. Box 513
Southfield, MI 48037

(800) 253-4255

17-899

March 02, 2017 11:51:25

Page 2

## AFFIDAVIT OF ACCOUNT

STATE OF MICHIGAN ) SS
COUNTY OF OAKLAND )

The undersigned deposes and states, based on personal knowledge, that:

1. I am employed by Credit Acceptance Corporation.

2. During the course of my employment, I have custody of Credit Acceptance Corporation's records of regularly conducted business activities.

3. Those records are made as a regular practice of Credit Acceptance Corporation's business activities.

4. Those records are made at, or near the time, by someone with knowledge of the activities being recorded, or from information transmitted by someone with knowledge of those activities.

5. I have reviewed Credit Acceptance Corporation's records of the account of the Defendant **Reginald E Barnes** and those records indicate that:

   A. Defendant executed an installment contract on **December 26, 2014** and said contract was assigned to Credit Acceptance Corporation.

   B. Defendant has failed to make one or more payments when due.

   C. After giving proper credit for all payments, rebates, and set-offs, there remains due and owing under said contract the sum of $ 5,947.38 plus interest from **March 1, 2017** at the maximum rate authorized by said contract or applicable law.

   D. The Defendant is not a minor, incompetent, or in active military service.

I hereby affirm that the contents of the foregoing Affidavit are true and correct and, if called upon as a witness, I can competently attest to the facts set forth above.

Kristen Fountaine
_____
**Affiant** Name (Print)

_____
**Affiant Signature**

Subscribed and sworn to before me on 3/3/17
_____
(Date)

**Notary Public,**
**My Commission expires:**

FRANCHESCA SLOAN
Notary Public, State of Michigan
County of Macomb
My Commission Expires Jul 12, 2022
Acting in the County of _____

Electronically Filed 12/11/2019 08:49 / MOTION / CV 19 911731 / Confirmation Nbr. 1890747 / CLDLJ

William Yost



PLAINTIFF'S EXHIBIT 3