UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

: CREDIT ACCEPTANCE CORPORATION, :
: Case No. 1:19-cv-02878
   Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 12, 14, 21]
BARNES et al., :
:
   Defendants. :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 26, 2019, Plaintiff Credit Acceptance Corporation filed a breach of contract claim in Ohio state court against Defendant Reginald Barnes.[1] Plaintiff alleged that Barnes failed to pay installments on an automobile loan.[2]

On September 23, 2019, Defendant Barnes, *pro se*, answered in state court, denying all allegations and asserting affirmative defenses.[3] Barnes simultaneously filed a third-party complaint against the City of Cleveland, alleging that Cleveland took possession of the relevant automobile after a traffic stop and failed to return it when traffic charges were dismissed.[4] With the third-party complaint, Barnes claimed constitutional rights violations.[5]

On December 12, 2019, the City of Cleveland removed this case to federal court.[6]

In mid-January 2020, Plaintiff Credit Acceptance Corporation and Third-Party Defendant City of Cleveland separately moved to sever Credit Acceptance Corporation's

---

[1] Doc. 1-3.
[2] *Id.*
[3] Doc. 1-4.
[4] *Id.*
[5] *Id.*
[6] Doc. 1 at 2 (punctuation altered).

contract claim against Barnes from Barnes's constitutional claims against Cleveland.[7] Both parties argue that the contract claim is wholly independent from the constitutional claims.[8] Defendant Barnes opposes the motions to sever, arguing that all claims involve ownership of the automobile.[9]

In a removal case that includes both federal and state law claims, such as this one, 28 U.S.C. § 1441(c)(2) requires a district court to sever any removed claims over which it does not have original or supplemental jurisdiction and remand them back to the state court.[10]

In this case, the Court has original jurisdiction over Barnes's constitutional claims, but not over Plaintiff Credit Acceptance's contract claim.[11] Accordingly, the Court must determine whether it has supplemental jurisdiction over the contract claim.

The Court has supplemental jurisdiction over state law claims when the state law claims "are so related to [original jurisdiction claims] that they form part of the same case or controversy."[12] Two claims are part of the same case or controversy if they "derive from a common nucleus of operative facts."[13] Generally, only a "loose factual connection" between the claims is sufficient to establish supplemental jurisdiction.[14]

Here, the contract claim and the constitutional claims are not sufficiently related for

---

[7] Doc. 12; Doc. 14.
[8] Doc. 12 at 4; Doc. 14 at 3.
[9] Doc. 22. Defendant Barnes's motion for an extension of time to file his opposition is granted. Doc. 21.
[10] 28 U.S.C. § 1441(c)(2).
[11] The Court has original jurisdiction over Barnes's constitutional claims because they arise under the U.S. Constitution. 28 U.S.C. § 1331.
[12] 28 U.S.C. § 1367(a).
[13] *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *accord Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) ("Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." (quotations and citations omitted)).
[14] *Blakely v. United States*, 276 F.3d 853, 862 (6th Cir. 2002).

the Court to exercise supplemental jurisdiction over the contract claim. The only commonality between the claims is the disputed automobile. But whether Defendant Barnes breached his contract with Credit Acceptance Corporation and whether the City of Cleveland violated Barnes's constitutional rights arise out of wholly unrelated facts.

## ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiff Credit Acceptance Corporation's and Third-Party Defendant City of Cleveland's motions to sever Credit Acceptance Corporation's contract claim against Barnes from Barnes's constitutional claims against Cleveland. Plaintiff Credit Acceptance Corporation's breach of contract claim is remanded to the Cuyahoga County Court of Common Pleas.

IT IS SO ORDERED.

Dated: February 20, 2020    *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE